

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-40,355-04

### EX PARTE RONALD WAYNE HARRISON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 4205 IN THE 271ST DISTRICT COURT
### FROM JACK COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child by contact and sentenced to life imprisonment. The Seventh Court of Appeals affirmed his conviction. *Harrison v. State*, No. 07-08-0155-CR (Tex. App.–Amarillo Oct. 30, 2008 pet. ref'd) (not designated for publication).

Applicant alleges, among other things, that he is actually innocent of the offense based on the complainant's alleged recantation. He proffers a letter from a family member who says she knows Applicant did not commit the crime, because the complainant has now told her that the

prosecutor "scared her into saying what she did." The habeas record does not contain a response from the State or findings from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. We believe that in recantation cases such as this one, before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which, at a minimum, the complainant shall be called to testify.

Before the trial court holds a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that the complainant's alleged recantation proves he is actually innocent of the offense. The trial court shall make specific findings addressing the complainant's credibility. The trial court shall also make findings addressing whether this claim could have been discovered before Applicant filed his previous habeas corpus application. TEX. CODE CRIM. PROC. art. 11.07 § 4(a)(1). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: March 4, 2015
Do not publish